## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SABRINA CONYON, as Administrator of     :     CIVIL ACTION No. 26-
THE DISTRICT 1199C NATIONAL UNION OF   :
HOSPITAL AND HEALTH CARE EMPLOYEES :
GROUP LEGAL SERVICES FUND           :
1319 Locust Street, Philadelphia, PA 19107     :
                                              :
              Plaintiff                 :
                                              :
          v.                         :
                                              :
THE CONSORTIUM, INC.               :
3751 Island Avenue,3rd floor             :
Philadelphia, PA 19153                 :
                                              :
          Defendant               :

### COMPLAINT

### JURISDICTION AND VENUE

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185, to collect unpaid fringe benefit contributions and liquidated damages.

2. This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337. Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

### PARTIES

3. The Plaintiff, Sabrina Conyon ("Conyon") is the Administrator of the District 1199C National Union of Hospital and Health Care Employees Legal Service Fund ("Fund"), a jointly-administered, multi-employer benefit fund within the meaning of §302 of the LMRA, 29 U.S.C. §186, and §§ 3(1) and (3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1), (3) and (37)(A).

1

Conyon is a fiduciary of the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §3(21)(A). The office of Conyon and the Fund is located at 1319 Locust Street, Philadelphia, Pennsylvania 19107.

4. Defendant, The Consortium, Inc. ("Consortium") is a Pennsylvania corporation with a principal place of business at 3751 Island Avenue, Philadelphia, Pennsylvania 19153. At all times relevant hereto, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of §301 of the LMRA, 29 U.S.C. § 185, and §152(2) of the NLRA, 29 U.S.C. §152(2). The Defendant is also an "employer" within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5).

## FACTUAL ALLEGATIONS

5. At all times relevant hereto, Consortium has agreed to be bound by the terms of a collective bargaining agreement ("Agreement"), covering the period of April 1, 2026 through October 1, 2026 with the National Union of Hospital and Health Care, AFSCME, AFL-CIO and its affiliate District 1199C, ("Union") which sets forth, *inter alia*, the wages, hours and other terms and conditions of employment of certain employees of Consortium in the City of Philadelphia. Among the provisions of the Agreement are clauses that require Defendant to make timely contributions to the Fund at the rate of $15,000.00 per annum, on behalf of employees covered by the Agreement on an annual basis when employed by the Defendant and to submit timely contribution report forms to the Fund's administrator

6. "Timely" contributions under the rules of the Fund means that all employee benefit contributions must be received by the Fund on or before the fifteenth day of the month following the month in which the benefits are earned.

7. Under the terms of the Agreement and the rules of the Fund, contribution report forms, like the contributions themselves, must be received no later than the fifteenth day of the month in which the hours were worked by members of the Union. Under the rules of the Fund, all contributions received after the fifteenth of the month in which they are due are subjected to a

2

ten percent (10%) liquidated damages charge and interest at the rate of one and one half percent (1.5%) per month.

8.    Under the terms of the Agreement, the Defendant is required to make its annual contribution in May of each calendar year, to cover the period of January through December of that calendar year.

9.    The Defendant's contributions of $15,000 for calendar year 2026 should have been received in May 2026 under the terms of the Agreement.

10.    The Defendant has failed and refused to make its contribution of $15,000 for calendar year 2026.

## COUNT ONE

### BREACH OF COLLECTIVE BARGAINING AGREEMENT FOR FAILURE TO MAKE CONTRIBUTIONS TO EMPLOYEE BENEFIT FUNDS

11.    Paragraphs 1 through 10 of the Complaint are re-alleged as if fully set forth herein.

12.    At all times relevant to this action, the Defendant has employed individuals covered by this Agreement and was required, on behalf of these individuals, to make the timely employee benefit contributions as that term is defined in Paragraph 6 of this Complaint.

13.    Despite having received demands that it perform its contractual obligations, the Defendant has failed, neglected, and refused to make any contributions to the Fund, as alleged in Paragraph 10 of this Complaint.

14.    The Defendant's failure to submit contribute the amount of $15,000 to the Funds for calendar year 2026 is a breach of the Agreement for which the Defendant is liable.

3

## COUNT TWO

### VIOLATION OF ERISA
### FOR FAILURE TO MAKE CONTRIBUTIONS

15. Paragraphs 1 through 14 of the Complaint are re-alleged as if fully set forth herein.

16. Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

17. Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2), provides that in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of ten percent (10%), unless permitted under federal or state law, of the amount of the unpaid contributions, plus (d) a reasonable attorney's fee and costs, plus (e) any other legal and equitable relief that the court deems appropriate.

18. The Defendant's failure and/or refusal to make contributions in the amount of $15,000 to the Fund for calendar year 2026 in accordance with the Agreement constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

## COUNT THREE

### BREACH OF COLLECTIVE BARGAINING
### AGREEMENT FOR FAILURE TO MAKE CONTRIBUTIONS IN A TIMELY FASHION

19. Paragraphs 1 through 18 of the Complaint are re-alleged as if fully set forth herein.

20. Under the terms of the Agreement, contributions must be received no later than the 31st day of May of each calendar year. Under the rules of the Fund, all contributions received after

4

the fifteenth day of the month in which they are due are subjected to a ten percent (10%) liquidated damages charge and interest at the rate of one and one-half percent (1.5%) per month.

21. The Defendant's contributions to the Fund for the period set forth in Paragraph 8 of this Complaint in the amount of $15,000.00 were not received in a timely fashion accordingly are therefore subject to an assessment of liquidated damages in an amount of $1,500.00 and interest in an amount of $549.70.00.

22. Under the terms of the Agreement, the Defendant is contractually obligated to pay contractually mandated liquidated damages in the amount of $1,500.00 and interest in the amount of $549.70 as a result of its failure to make timely contributions in the amount of $15,000 for the period set forth in Paragraph 8 of this Complaint

23. The Defendant has been advised that, under the terms of the Agreement, it is obliged to make timely contributions and pay liquidated damages as required by the Agreement. Despite having received a demand that it perform its contractual obligation with respect to make timely contributions and payment of damages and interest to the Fund, the Defendant has failed, refused and neglected to make such payments.

24. The Defendant's failure to make liquidated damages payments in the amount of $1,500,.00 and make interest payments in the amount of $549.70 as a result of its failure to make timely contributions in the amount of $15,000.00 constitutes a breach of the Agreement.

## COUNT FOUR

## VIOLATION OF ERISA FOR FAILURE TO PAY LIQUIDATED DAMAGES

25. Paragraphs 1 through 24 of the Complaint are re-alleged as if fully set forth herein.

26. Section 515 of ERISA, as amended, 29 U.S.C. §1145, provides that any employer obligated to make contributions to a multi-employer plan under the terms of the plan or a

5

collective bargaining agreement shall make such contributions in accordance with the terms of the plan or such collective bargaining agreement.

27. Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2), provides that in any action instituted for or on behalf of a multi-employer plan to enforce compliance with Section 515 of ERISA, as amended, 29 U.S.C. Section 1145, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of twenty percent (20%), unless permitted under federal or state law, of the amount of the unpaid contributions, plus (d) a reasonable attorney's fee and costs, plus (e) any other legal and equitable relief that the court deems appropriate.

28. The Defendant's failure to pay liquidated damages in the amount of $1,500.00 due to the Fund as a result of its failure to make timely contributions in accordance with the Fund's Agreements and Declarations of Trust and rules promulgated thereunder constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, the Plaintiff prays that the following relief be granted against the Defendant:

(a) that judgment be entered against the Defendant and in favor of the Plaintiff in the total amount of $17,049.70 (i) $15,000.00 in unpaid contributions; (ii) $1,500.00 in unpaid liquidated damages; and (c) $549.70 in unpaid interest and any additional sums found due and owing;

(b) that judgment be entered against the Defendant and in favor of the Plaintiff for interest, costs, and reasonable attorneys' fees as provided for by the Agreement and ERISA;

(c) that this Court enter an Order, directing the Defendant to make future contributions in a timely manner and in accordance with the Agreement and ERISA; and

6

(d)  such other legal and equitable relief as this Court deems appropriate or to which Plaintiff is entitled.

Respectfully submitted,

**MARKOWITZ & RICHMAN**

BY: /s/ *JONATHAN WALTERS, ESQUIRE*
JONATHAN WALTERS, ESQUIRE
Email: jwalters@markowitzandrichman.com
Attorney I. D. No. 23900

Suite 2020
123 S. Broad Street
Philadelphia, PA 19109
Telephone: 215-875-3121
Telefax: 215 790-0668

Dated: July 14, 2026

7